## BETAL CORPORATION v. MARGOLYES, et al.
### No. 60 C 688.

Circuit Court, Dade County.

October 27, 1960.

Sibley, Grusmark, Barkdull & King, Miami Beach, for plaintiff.

Marion Brooks, Miami, for defendant Tillie Margolyes.

Gotthardt, Christie & Shepard, Miami, for defendant American Universal Ins. Co.

ROBERT H. ANDERSON, Circuit Judge.

The plaintiff, Betal Corporation, filed a complaint for declaratory decree, injunction and other relief. It alleged that it took out an owner, landlords and tenant liability policy in the American Universal Insurance Co. through its agent, J. A. Cantor Insurance Co., and Tillie Margolyes, a tenant of the apartment house, sustained an injury within the terms of the policy for which she brought suit. It is alleged that summons in the suit, upon being served upon the representative of Betal Corporation, was forwarded to the insurance agent representing American Universal Insurance Co. with copies of the complaint, but that the insurance company failed to defend the action, and judgment by default was taken against the plaintiff, Betal Corporation, upon which final judgment for $27,500 was entered and execution issued.

The defendant J. A. Cantor Insurance Agency answered the complaint denying that notice of the suit was communicated to it or that the summons and copy of the complaint was transmitted to it, and says it at no time had knowledge of the pendency of the suit until after judgment was entered. The American Universal Insurance Co. filed an answer to like effect.

Testimony was taken upon the issues made by the pleadings and the plaintiff produced as a witness a young woman who had formerly been employed by the Cantor Agency whose duty it was to receive and enter upon the books matters of this kind. She

testified that when the accident report in the Margolyes matter was brought to her attention, she entered it properly in the claim file. She said that after the accident report came in, she recalled suit papers coming in and "they should have been transmitted to the Danross Agency". She said she showed the suit papers to Mr. Krause, the president of the Cantor Insurance Agency. They were put on his desk because every time a summons came in she put it on his desk. She further said that he made the comment that "She's suing now because she doesn't have much time left". In the normal course of office routine she would have transmitted the suit papers to the proper agency or company and kept a carbon copy of a transmittal letter. It would have been attached to all other correspondence in connection with that particular claim and filed in the loss file. In reply to the question "Was that procedure followed in this particular case?", she replied: "Yes, it should have been".

She does not have any reason to doubt that she did submit and transmit these papers to the Danross Agency.

Shortly after that Miss Glick left the Cantor Agency. In her new surroundings she was called on by a Mr. Stevens who represented the insurance company. She said on cross-examination —

"Mr. Stevens came to the office and he questioned me about the suit papers and I told him that I wasn't sure that I remembered the summons coming in or not but told him that I remembered the claim, and in a day or two I remembered seeing the summons in the office" and further — "Then for the first time you knew or that anyone had spoken to you about any litigation still pending or going on about this claim. Is that not correct?" and the answer was "Yes".

Is it not also correct that at that time you told him you did not remember? — I told him that I wasn't sure.

Do you remember this question being asked of you by Mr. Stevens and giving this answer: "Do you recall, Miss Glick, at any time after May 26, 1958, or ever, receiving a complaint or suit papers involving Betal Corporation?" Answer: "That is what I am trying to remember. If I had received them I would have forwarded them on immediately to the Danross Agency. I may have received them. This name sounds very familiar. The claimant's name, Tillie Margolyes, sounds very familiar." Question: "If you had received them, your regular procedure would be to forward them to the Danross Agency?" Answer: "Immediately, yes". Do you recall that? — Yes.

Is that what you said? — Yes. That sounds very familiar.

Question: "Now, it is a matter of record that Mr. Podvin was served with a complaint in October 1958. Do you recall at any time after October

11, 1958 ever receiving a complaint from Mr. Podvin or anyone connected with the Betal Corporation?" Answer: "I can't say specifically. It was possible, but I received so many that I can't recall specifically receiving one". Do you remember stating that? — Yes, I do.

Mr. Krause at that time was president of Cantor Insurance Agency and testified that he knew Mr. Podvin. He said point blank that he had no recollection of ever having said to Miss Glick in connection with this lawsuit words to the effect that "this suit is brought at this time because the time is about to run out on her". The rule in their office was that any summons or complaint that came in with a liability cause of action was to be put on his desk and he was to see it before it went to the company. After he saw it, he then gave it to Miss Glick or whoever it was on duty in the office and would tell her to write a proper transmittal letter and forward it to the proper place. It was a form transmittal, stereotyped.

Sylvan A. Lipkin testified that he was president of Cantor-Lipkin Insurance Agency, a successor of J. A. Cantor Agency, and took over all their files and claims about July 1, 1959. Prior to December 1959 he became cognizant of the fact that there was a levy of execution issued in the case of Margolyes against Betal Corporation. Prior to that time he did not have any knowledge of any claim or anything like that. The exhibit A presented to him was the entire file. The top portion is subsequent to what was found in there at that time and there is nothing else in there except that. This is the entire record that he found. The yellow sheet was added by him. He made an exhaustive search of the records and papers to see whether by any chance the summons and complaint in this case had been misplaced or a copy of the transmittal letter of the summons and complaint, if such letter had ever been in existence, had been misplaced, and could find none.

The burden was on the plaintiff to establish that notice of the Margolyes suit was transmitted to the insurance company. The court is forced to the conclusion that the evidence on this issue preponderates in favor of the defendant insurance company. It is true that the testimony of the young lady whose duty it was to transmit this information was to the effect that she did it, but that testimony is very much shaken on cross-examination by her previous statements that "it should have been" and that "if I had received them I would have forwarded them on immediately to the Danross Agency. I may have received them" and further "I can't say specifically. It was possible but I received so many that I can't recall specifically receiving one."

It is therefore ordered, adjudged, declared and decreed that defendant American Universal Insurance Co. is not liable on its policy OLT 4783 for the payment of the judgment recovered by Tillie Margolyes (file no. 58 L 3367) and it is not the obligation of the defendant American Universal Insurance Co. to discharge and satisfy such final judgment and that the temporary injunction herein issued on January 28, 1960 be and it is hereby dissolved.